UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　100 F Street, NE<br>　　　Washington, DC  20549<br><br>Plaintiff,<br><br>v.<br><br>TERESE DEARMIN,<br>　　　10606 North Rocky Slope Place<br>　　　Tucson, AZ  85737<br><br>RICHARD HARRIS,<br>　　　7271 Katella Avenue, #23<br>　　　Stanton, California  90680<br><br>Defendants. | Civil No.<br><br><br><br><br>COMPLAINT |

　　　Plaintiff Securities and Exchange Commission (the "Commission") alleges for its complaint against Terese Dearmin and Richard Harris as follows:

## NATURE OF THE ACTION

　　　1.　　This action concerns violations of insider trading laws by Terese Dearmin ("Dearmin"), the wife of the co-founder and former chief executive officer of Ionatron, Inc. ("Ionatron") and by her father, Richard Harris ("Harris"). On February 25, 2003, U.S. Home & Garden, Inc. ("U.S. Home & Garden") publicly announced it was merging with Ionatron. In the weeks leading up to the merger announcement, Dearmin tipped her father about the merger, using information she had obtained from her husband in breach of a duty of trust and confidence she owed to him. Harris, who knew or should have known that the information he received concerning the merger had been obtained originally in breach of a duty of trust and confidence,

purchased stock in U.S. Home & Garden, realizing a $9,323 profit after the merger was announced. Dearmin also tipped her mother and a business partner about the merger before it was publicly announced and both purchased U.S. Home and Garden stock, realizing a combined profit of $13,178 after the merger was publicly announced.

2.  By conduct detailed in this Complaint, Dearmin and Harris violated Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] (the "Exchange Act") and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, through the means or instrumentalities of interstate commerce, the mails or the facilities of a national securities exchange.

## JURISDICTION

3.  The Court has jurisdiction over this action under Sections 21A and 27 of the Exchange Act [15 U.S.C. §§ 78u-1 and 78aa].

## DEFENDANTS

4.  Terese Dearmin is a resident of Tucson, Arizona. Her husband was the President and CEO of Ionatron during the relevant period.

5.  Richard Harris, 68, is a resident of Stanton, California. He is the father of Terese Dearmin.

## RELATED PARTY

6.  Ionatron is a technology company whose principal place of business is Tucson, Arizona. Its stock trades principally on the Nasdaq National Market System.

## FACTS

### Dearmin Misappropriated Material, Nonpublic Information From Her Husband

7.  On February 25, 2004, U.S. Home and Garden announced that it had agreed to merge with Ionatron, then a privately-held company. After the merger announcement, the price

of U.S. Home and Garden stock doubled, to close that day at $1.70 per share with a total volume of 4,442,223 shares.

8. Dearmin learned about the merger before it was publicly announced from her husband, the co-founder and then-President and CEO of Ionatron.

9. Dearmin's husband often communicated material, nonpublic information concerning Ionatron to his wife and advised her repeatedly that anything he told her about his work was highly confidential and should not be disclosed. Prior to the merger announcement, Dearmin misappropriated the information that Ionatron was planning to merge with U.S. Home & Garden from her husband in breach of a duty of trust and confidence she owed to him.

**Dearmin Tipped Her Father, Her Mother, and a Co-Worker, All of Whom Then Traded on Material, Nonpublic Information**

10. After misappropriating the merger information from her husband, Dearmin tipped her father Harris, her mother, and a business partner, all of whom purchased U.S. Home & Garden stock before the public announcement.

11. On or before January 27, 2004, Dearmin tipped her father about the merger. Harris spoke with his daughter twice on the evening of January 26 and again the morning of January 27. Harris knew or should have known that his daughter obtained confidential information in breach of a duty of trust and confidence she owed to her husband.

12. On January 27, 2004, on the basis of the material nonpublic information he learned from his daughter, within hours of a telephone call with her, Harris purchased 8,475 shares of U.S. Home & Garden stock for $5,085. His profits are $9,323.

13. On or before January 28, 2004, Dearmin tipped her mother about the merger. Dearmin's mother spoke with her daughter multiple times on January 28.

14. On January 28, 2004, Dearmin's mother purchased 1,500 shares of U.S. Home & Garden stock for $900. Her profits are $1,650.

15. On or before February 9, 2004, Dearmin tipped a business partner about the merger. Dearmin recommended that the business partner invest in U.S. Home and Garden and provided the business partner the stock ticker symbol after the business partner said she was interested in making money in the stock market.

16. On February 9, 2004, the business partner purchased 3,400 shares of U.S. Home & Garden. On February 24, 2004, the business partner purchased an additional 9,700 shares of U.S. Home & Garden. The business partner's profits are $11,528.

**Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5]**

17. The Commission incorporates the allegations in paragraphs 1-16 as though fully set forth in this paragraph.

18. At all relevant times herein, Dearmin knew that any nonpublic information regarding Ionatron that she misappropriated from her husband was confidential.

19. Dearmin knew that she breached her duty of trust and confidence owed to her husband by misappropriating confidential information about the merger from her husband and passing that information on to her father, mother, and a business partner.

20. Harris knew, or should have known, that the information he received from his daughter concerning the upcoming merger between Ionatron and U.S. Home and Garden had been obtained originally in breach of a duty of trust and confidence. Harris purchased U.S. Home & Garden shares on the basis of that material nonpublic information.

21. By reason of the foregoing, Dearmin and Harris each violated Section 10(b) of the Exchange Act and Rule 10b-5 thereunder.

22. Unless restrained and enjoined, Dearmin and Harris will continue to violate those statutory and regulatory provisions.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff Commission respectfully requests that this Court enter Orders:

(i)   permanently enjoining Dearmin and Harris from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder;

(ii)   directing that Dearmin and Harris disgorge all profits realized from the unlawful conduct alleged herein, plus prejudgment interest;

(iii)   directing that Dearmin and Harris pay civil money penalties pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]; and

(iv)   granting such other relief as this Court may deem just and equitable.

Respectfully Submitted,

*[signature]*

Mark Kreitman (DC Bar No. 260828)
Christopher R. Conte
Robert B. Hanson
Charles C. Davis, Jr.
LaShanta Johnson

Attorneys for Plaintiff
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
Telephone: (202) 551-4484 (Kreitman)
Facsimile: (202) 772-9236 (Kreitman)
KreitmanM@sec.gov

Dated: June 15, 2007